**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:17-280 |
| | ) | |
| RYAN LEE WADE, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Ryan Lee Wade's ("Defendant's") Motion for Reduction of Sentence Pursuant to 18

U.S.C. § 3582(c)(1)(A) ("Motion") (Doc. 91), based on COVID-19 related health concerns, will

be denied.

The statute controls the Court's decision here.  Section 3582(c)(1)(A)(i) provides in

relevant part:

> The court may not modify a term of imprisonment once it has been
> imposed except that in any case the court . . . upon motion of the
> defendant . . . may reduce the term of imprisonment . . . after
> considering the factors set forth in section 3553(a) to the extent
> that they are applicable, if it finds that extraordinary and
> compelling reasons warrant such a reduction.

A reduction must be consistent with the policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Defendant argues that he faces "imminent risk of death" if exposed to COVID-19 and

that the combination of COVID-19, his physical health and his living conditions in a crowded

prison constitutes an extraordinary and compelling reason to grant release and/or reduction in

sentence in light of the COVID-19 pandemic.  (Doc. 92).  Specifically, Defendant cites high

blood pressure, high cholesterol, obesity and ischemia (which his contends will require heart

1

surgery).  (Doc. 92-1).  He admits that, alone, these conditions are insufficient for compassionate

release, but contends that the ailments put him at high-risk of severe illness or death if exposed to

COVID-19.  (Doc. 92, at 9-10).  The Government disagrees, arguing that (1) Defendant has

failed to prove he has any extraordinary and compelling medical issues; and (2) that the Section

3553 factors do not favor compassionate release.  (Doc. 107).

As an initial matter, the Court agrees with the Government that Defendant has not

demonstrated extraordinary and compelling circumstances that would warrant his release.  With

the exception of his cardiac issues, Defendant's medical conditions are the same conditions

reported prior to sentencing in the Presentence Investigation Report.  (Doc. 62).  With respect to

the cardiac complaints, medical records indicate that Defendant underwent a cardiac

catheterization subsequent to filing the instant motion, and that procedure revealed "no

significant obstructive coronary disease."  (Doc. 107, at 6 & Ex. 2; Doc. 109-1).  The physician

recommended conservative treatment such as lifestyle changes and primary risk factor

modifications.  Id.  These records undercut Defendant's assertion that he is in need of heart

surgery or that COVID-19 exposure would place him in "imminent risk of death."  Additionally,

the medical records supplied by the Government (Doc. 109) reflect that Defendant's blood

pressure was under control as of the latest documented reading, despite Defendant failing to

attend various medical appointments and/or take his medication.  (Doc. 109-4).  Moreover, the

records demonstrate that Defendant is fully vaccinated against COVID-19 (Doc. 109-2),

mitigating the risk of a severe outcome should Defendant be exposed to the virus. *See, e.g.,*

United States v. Reed, Criminal No. 18-CR-0078, 2021 WL 2681498, at *4 (E.D. Pa. June 30,

2021) (defendant who received vaccination and therefore exercised appropriate "self-care"

against COVID-19 was not granted compassionate release and "[n]ow that COVID-19

vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions [based on COVID-19] generally lack merit"); United States v. Welch, Criminal Action No. 19-00331 (GC), 2023 WL 5237652, at *4 (D.N.J. Aug. 15, 2023) (same); United States v. Higginbotham, Criminal No. 19-250, 2023 WL 3225399, at *5 (W.D. Pa. May 3, 2023) ("The court concludes that, based on this record, because [Defendant] is now vaccinated, he cannot establish that he faces an extraordinary or compelling risk from the COVID-19 virus.").[1]  For all of these reasons, Defendant's conditions, as reflected in his medical records, do not rise to the level of "extraordinary and compelling" reasons within the meaning of the Act.

Even assuming Defendant could demonstrate extraordinary and compelling reasons, he has failed to convince the Court that his release or a reduction in sentence is warranted in light of the Section 3553 factors.  Defendant's crimes in this case were serious.  Defendant pleaded guilty to possession with intent to distribute heroin and possession of a firearm in furtherance of drug trafficking.  (Doc. 57).  In March 2021, pursuant to an 11(c)(1)(C) plea agreement, Defendant was sentenced to 144 months incarceration, well below his 262 to 372-month guideline range.  See Judgment (Doc. 83).  Defendant's criminal history also is significant and consistent.  As the Government notes, Defendant has been involved with the criminal justice system since age 13, and his first adult arrest occurred at age 18 after numerous juvenile infractions.  (Doc. 107, at 2-3).  Defendant's adult transgressions include numerous firearm and drug-trafficking convictions.  See id. (citing PSIR).  Also, while incarcerated, Defendant has

---

[1] Further minimizing any risk, Defendant currently is confined at FCI Gilmer, a facility with only one reported case of COVID-19 as of the date of this Order.  See https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#lastestCovidData (last visited August 21, 2023).

committed multiple disciplinary infractions, for which various sanctions have been imposed by the prison.  (Doc. 109).

In sum, the undersigned is not persuaded that the requested relief is warranted after considering the Section 3553 factors.  Specifically, granting such relief would afford inadequate weight to considerations regarding Defendant's significant criminal history, the very serious nature of his offenses, the need to avoid unwarranted sentencing disparities and the needs for just punishment and deterrence.

Having weighed the specific facts and circumstances regarding Defendant, vis-à-vis COVID-19—along with all of the considerations in Section 3553—the Court cannot agree that release is warranted.  For these reasons, Defendant's Motion (**Doc. 91**) for reduction of sentence is **DENIED**.


IT IS SO ORDERED.


August 21, 2023                                                    s\Cathy Bissoon
                                                                            Cathy Bissoon
                                                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

Ryan Lee Wade
USMS 38732-068
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV  26351